UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL WILLIAMS,

            Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
CORRECTION, *et al.*,

            Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

19-CV-5200 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff Daniel Williams brings this action against Defendants New York City Department of Correction, the City of New York, and John Does 1-10 (collectively, "Defendants"), alleging unlawful race discrimination and retaliation under federal, state, and local law. After his original complaint was dismissed, Williams filed an amended complaint that contained two new factual allegations but otherwise mirrored his initial complaint. Defendants have moved to dismiss the amended complaint. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

    In June 2019, following his termination from the New York City Department of Correction, Williams commenced this action, bringing claims against Defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000-e, *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("SHRL"), and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101, *et seq.* ("CHRL"). *See* Dkt. 1.

    On January 30, 2020, the Court granted a motion to dismiss Williams's claims upon finding that he had failed to plausibly state a claim for relief, but granted him leave to amend. *See Williams v. New*

*York City Dep't of Corr.*, No. 19-CV-5200 (RA), 2020 U.S. Dist. LEXIS 16241, 2020 WL 509180, *3 (S.D.N.Y. Jan. 30, 2020). The Court assumes the parties' familiarity with the prior opinion.

The amended complaint largely mirrors the initial complaint, with the addition of two new allegations. First, Williams newly alleges that "[i]n December of 2017, [he] was approached by Investigator Brooks while at work and told, "you are Williams…right? Pray you make it past probation. Investigations is slaying people that look like me and you and giving everybody else a pass." Am. Compl. at ¶ 26. Second, Williams asserts that "[u]pon information and belief, all of the non-African-American probationary officers present[1] had similar performance evaluations, disciplinary histories and engaged in conduct similar to" Williams. *Id.* at ¶ 29.

Defendants moved to dismiss the amended complaint. Dkt. 21.

**LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court accepts all of the plaintiff's factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "that tenet is inapplicable to legal conclusions, and threadbare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (internal quotation marks omitted).

---

[1] Although the amended complaint is unclear on this point, the Court presumes that Williams refers to the March 2017 incident in which Williams's superior pepper sprayed an inmate when he discusses the other officers "present." Am. Compl. ¶ 29.

**DISCUSSION**

I. **Discrimination**

In its prior decision, the Court concluded that Williams had failed to state a claim of discrimination because he "ha[d] proffered no facts to support a plausible allegation that Defendants' conduct was motivated by discriminatory intent." *Williams*, 2020 WL 509180, at *3. In his initial complaint, Williams claimed he was subject to discriminatory "investigations and charges" following the March 2017 incident, but failed to articulate the basis of these investigations, who conducted them, or when they occurred. *Id*. Noting that "this information should [have been] readily available to him" at the pleading stage, the Court concluded that by omitting this information, Williams had failed to plead any "facts to support a plausible allegation that Defendants' conduct was motivated by discriminatory intent." *Id*.

In his amended complaint, Williams provides none of this missing information. Instead, he pleads a new factual allegation—the statement of Investigator Brooks that "Investigations is slaying people that look like me and you and giving everybody else a pass"—which he asserts "provides a key factual allegation that establishes a plausible claim for discrimination based on race." Pl. Mem. at 1. The Court disagrees. As a threshold matter, Williams provides no information about Investigator Brooks's ethnicity, including whether Brooks was referring to African Americans when he said "people that look like me and you." Am. Compl. ¶ 26. Williams has also not pled how "Investigations" was connected with his firing and the role that unit played a role in Williams's termination. And to the extent that "Investigations" was involved in the purportedly "aggressive but baseless investigations and meritless departmental charges" Williams is alleged to have experienced, *id*. ¶ 32, he has provided too little information about this conduct to plausibly plead that it was discriminatory. For these reasons, Brooks' statement alone cannot carry Williams's burden of showing "facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

3

Even if Williams were to have clearly alleged that "Investigations" was responsible for his termination and that Investigator Brooks was referring to African Americans when he said "people that look like me and you," these allegations would still not amount to a plausibly pled claim of discrimination.  Indeed, the statement itself suggests that Brooks was not the one making the termination decisions.  Instead, in making this statement, he appears to have been sharing with Williams his perception of how those decisions were being made by others.  Just as a plaintiff's subjective perception is insufficient to establish a plausible allegation of discrimination, *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356, 371 (S.D.N.Y. 2015), so too is the subjective perception of a plaintiff's colleague, *see Rafferty v. Hempstead Union Free Sch. Dist.*, No. 18-CV-3321 (ADS) (AYS), 2019 U.S. Dist. LEXIS 143200, 2019 WL 7598671, *3–4  (E.D.N.Y. Aug. 21, 2019) (granting a motion to dismiss a discrimination claim despite the plaintiff having pled, inter alia, that several colleagues expressed to him their views that the defendant "was racist against Caucasian employees").  *Cf. Lenart v. Coach, Inc.*, 131 F. Supp. 3d 61, 68 (S.D.N.Y. 2015) (granting a motion to dismiss a hostile workplace claim despite the plaintiff's allegation that his co-workers had also accused the defendant of discrimination).  Williams thus cannot rely on this statement alone to overcome Defendant's motion to dismiss this claim.

## II. Disparate Treatment

Williams alternatively tries to ground his Title VII discrimination claim on a theory of disparate treatment.  Am. Compl. ¶¶ 1, 43; *see also* Pl. Mem. at 3–4.  In its prior opinion, the Court concluded that Williams could not do so because he had failed to show that he was treated "less favorably than a similarly situated employee outside his protected group."  *Williams*, 2020 WL 509180 at *4 (citing *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)).  Although the initial complaint stated that Williams was "the only African-American probationary officer present" for the altercation with the inmate on March 24, 2017 and was "the only officer terminated as a result of this incident," Compl. ¶ 28, Williams did not plausibly allege that he was "'similarly situated in all material respects' to the

4

individuals with whom" he sought to compare himself. *Williams*, 2020 WL 509180 at *4 (quoting *Graham*, 230 F.3d at 39–40).

In his amended complaint, Williams attempts to rectify this inadequacy by asserting that "[u]pon information and belief, all of the non-African-American probationary officers present [during the March 2017 incident] had similar performance evaluations, disciplinary histories and engaged in conduct similar to" his own. Am Compl. ¶ 29. Without more, however, this new allegation too fails to cure the defect in the prior pleading.

In this Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lesavoy v. Lane*, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); *see also Singa v. Corizon Health, Inc.*, No. 17-CV-4482 (BMC), 2018 U.S. Dist. LEXIS 3326, 2018 WL 324884, *4 (E.D.N.Y. Jan. 8, 2018) ("Alleging something 'upon information and belief' does not suffice to allege a fact under *Iqbal* and *Twombly* unless plaintiff can point to some facts that make the allegations more than pure speculation."). Courts only consider such pleadings proper if "the subject is not within the knowledge or control of the plaintiff," *Jackson v. NYS Dep't of Labor*, 09-CV-6608 (KBF), 2012 U.S. Dist. LEXIS 34366, 2012 WL 843631, *4 n.3 (S.D.N.Y. Mar. 12, 2012) (citing *Boykin v. Keycorp*, 521 F.3d 202, 215 (2d Cir. 2008)), or the pleadings are "accompanied by a statement of the facts upon which the belief is founded," *Shopping Mall Investors, N.V. v. E.G. Frances & Co., Inc.*, No. 84-CV-1469 (JFK), 1985 U.S. Dist. LEXIS 23199, 1985 WL 210, *8 (S.D.N.Y. Jan. 23, 1985).

Williams has provided no statement of facts on which he bases his belief that all other probationary officers present at the March 2017 incident "had similar performance evaluations, disciplinary histories and engaged in conduct similar to" Williams. Am. Compl. ¶ 29. Among other things, Williams has pled no facts about the conduct of the other probationary officers present at the March 2017 incident, despite the fact that this information is seemingly within Williams's personal

5

knowledge as a witness to and participant in the March 2017 incident. The amended complaint seems to allege that Williams's conduct during the March 2017 incident—as well as the actions he took in response to it—was integral to his termination. *See id.* ¶ 27. Information about the conduct of the other probationary officers involved in this incident is thus crucial to determining whether Williams was treated less favorably than them, and the Court cannot overlook Williams's failure to include any of this information in his amended pleadings. With no more facts pled about Williams's comparators than in the original complaint, the Court again must conclude that Williams's claim of disparate treatment, "generously construed, [is] little more than conclusory statements of no probative value" and must be dismissed. *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 65 (2d Cir. 1997).

### III.   Remaining Federal Claims

The Court also dismisses Williams's remaining federal claims. The amended complaint contains no new factual allegations related to Williams's claims of retaliation or hostile work environment, nor does Williams allege new facts concerning his claims under the Fourteenth Amendment. *See generally*, Am. Compl. ¶¶ 62–72, 80–85. Accordingly, the Court dismisses these claims for the reasons stated in the prior opinion. Williams seems to no longer pursue his First and Thirteenth Amendment claims and those claims will thus be dismissed as well.

### IV.   Claims Under State and Local Law

Finally, Williams brings claims of discrimination and retaliation under state and municipal law. *Id.* ¶¶ 73–79, 86–90. Although federal district courts have supplemental jurisdiction over non-federal law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," a district court "may decline to exercise supplemental jurisdiction over a claim" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction

doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the Court has granted Defendants' motion to dismiss as to all of Williams's federal claims. *See supra*. "Because the Court addressed and dismissed these claims early in the litigation, declining jurisdiction over the remaining state and municipal claims would not disserve the principles of judicial economy, convenience, or fairness." *Anderson v. New York City Dep't of Fin.*, No. 19-CV-7971 (RA), 2020 U.S. Dist. LEXIS 70428, 2020 WL 1922624, *10 (S.D.N.Y Apr. 21, 2020). For this reason, the Court declines to exercise supplemental jurisdiction over Williams's claims under state and local law.

## CONCLUSION

The motion to dismiss is thus granted. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 21 and close this case.

SO ORDERED.

Dated:   March 5, 2021
         New York, New York

                                        RONNIE ABRAMS
                                        United States District Judge